UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| AURORA LOAN SERVICES,<br><br>              Plaintiff,<br>   v.<br>DAVID A. YATES,<br>              Defendant.<br>_____/ | No. C 11-00967 LB<br><br>**ORDER REMANDING CASE TO ALAMEDA COUNTY SUPERIOR COURT**<br><br>**[ECF No. 6]** |

## I. INTRODUCTION

Plaintiff Aurora Loan Services brings this motion to remand its unlawful detainer action against *pro se* Defendant David Yates. Motion, ECF No. 6; Complaint, ECF No. 1 at 4-6.[1] Defendant removed the case from state court, alleging that the court had federal-question jurisdiction. Notice of Removal, ECF No. 1 at 1-2. All parties consented to this court's jurisdiction. *See* ECF Nos. 3 & 7. Pursuant to Civil Local Rule 7–1(b), the court finds this matter suitable for decision without oral argument. Because the unlawful detainer complaint presents only state claims on its face, the court grants Plaintiff's motion and remands the case to Alameda County Superior Court.

## II. FACTS

On August 23, 2010, Aurora bought the property at 4183 Asimuth Circle, Union City, California,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

ORDER REMANDING CASE (C 11-00967 LB)

where Mr. Yates lives. Complaint, ECF No. 1 at 4-5, ¶¶ 2, 4-6. Aurora claims that its title has been perfected and that a Trustee's Deed conveying title to it has been recorded in Alameda County. *Id.,* ¶ 5. Aurora alleges that it is the owner of the property and is entitled to its immediate possession. *Id.*, ¶ 6. On September 1, 2010, Aurora served Mr. Yates with a written "Three Day Notice to Quit." *Id.*, ¶ 7. Mr. Yates continues to occupy the property. *Id.,* ¶¶ 8-9. Aurora filed an unlawful detainer action in Alameda County Superior Court on September 15, 2010. Complaint, ECF No. 1 at 4. The caption states, "LIMITED CIVIL CASE (DEMAND UNDER $10,000)." *Id.* The complaint seeks damages of the reasonable rental value of the property (approximately $50 per day). *Id.*, ¶ 11. Aurora also asks for restitution of the property and costs. *Id.* at 3, ¶¶ 1, 3. On March 2, 2011, Mr. Yates removed the case to federal court. Notice of Removal, ECF No. 1.

### III. LEGAL STANDARD

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[2] 28 U.S.C. 1441(b). The defendant has the burden of proving the basis for the federal court's jurisdiction. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). A plaintiff may "by eschewing claims based on federal law, choose to have the cause be heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). And an actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). But a plaintiff may not defeat removal by omitting necessary

---

[2] District courts have original jurisdiction over cases that arise under the laws of the United States. U.S. Const. art. III, § 2, cl.1.

1  federal questions from his or her complaint. *Id.* at 22.

2  A federal court may exercise removal under the "artful pleading" doctrine even if a federal
3  question does not appear on the face of the complaint. *ARCO Environmental Remediation, L.L.C. v.*
4  *Dep't of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir.
5  2000). The artful pleading doctrine applies when: (1) federal law completely preempts state law; (2)
6  the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a
7  substantial, disputed federal question. *Id.* However, courts should "invoke the [artful pleading]
8  doctrine only in limited circumstances as it raises difficult issues of state and federal relationships
9  and often yields unsatisfactory results." *Lippitt v. Raymond James Financial Services*, 340 F.3d
10 1033, 1041 (9th Cir. 2003). Additionally, the "mere presence of a federal issue in a state cause of
11 action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals*
12 *Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

### IV.  ANALYSIS

**A.  <u>The Court Lacks Federal-Question Jurisdiction</u>**

15 Here, Aurora alleges a single claim against Mr. Yates for unlawful detainer. Complaint, ECF
16 No. 1 at 4-6. Unlawful detainer claims do not arise under federal law, and therefore, the court lacks
17 federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA,
18 2011 WL 1465678 at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894
19 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV
20 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) .

21 Mr. Yates nonetheless asserts that the court has federal-question jurisdiction because "this action
22 is a suit arising, if at all, under the laws of the United States." Notice of Removal, ECF No. 1 at 2.
23 Mr Yates also argues that Aurora violated California's non-judicial foreclosure rules and Unfair
24 Competition Law and engaged in unfair or deceptive acts or practices. *Id.* Even if these are
25 defenses that arise under federal law, they do not appear on the face of Aurora's complaint or
26 otherwise confer federal jurisdiction. *See Taylor*, 481 U.S. at 63 (jurisdiction must appear on the
27 face of a well-pleaded complaint); *Hunter*, 582 F.3d at 1042-43 (jurisdiction cannot be predicated on
28 actual or anticipated defenses); *supra* (discussing artful pleading doctrine).

### B. The Court Lacks Diversity Jurisdiction

The court lacks diversity jurisdiction for two reasons: the amount in controversy does not exceed $75,000, and the removing defendant is a citizen of the state where the underlying action was filed.

Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

First, the amount in controversy does not exceed $75,000. Aurora seeks damages limited to $10,000. Complaint, ECF No. 1 at 6, ¶ 2. Also, even if damages were not limited to $10,000, the rent due as of June 27 is only $14,800. Mr. Yates counters that the amount in controversy is greater than $75,000 because the property at issue is worth $250,000. Opposition, ECF No. 10 at 2-3. This argument also fails. In unlawful detainer actions, the right to possession of the property is contested, not title to the property. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). Plaintiffs may collect only damages that are incident to that unlawful possession. *Id.* at *2. And, as discussed above, the damages are far less than $75,000.

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because Aurora filed suit in California, and Mr. Yates is a citizen of California. Assuming that the parties are diverse (Aurora is a citizen of Delaware), 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

### V. CONCLUSION

The court **GRANTS** Aurora's motion to remand and **REMANDS** the case to Alameda County Superior Court. This disposes of ECF No. 6.

**IT IS SO ORDERED.**

Dated: June 27, 2011

_____
LAUREL BEELER
United States Magistrate Judge